UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LBUBS 2007-C2 TOWNE CENTER ROAD LLC, et al., | ) ) ) |
| Plaintiffs, | ) Case No. 2:09-cv-13249-TLL-CEB ) |
| v. | ) Hon. Thomas L. Ludington ) |
| SAGINAW SH-MG, et al., | ) ) |
| Defendants. | ) |

## AGREED JUDGMENT OF FORECLOSURE AND ORDER OF SALE

This cause comes before the Court for entry of an Agreed Judgment of Foreclosure and Order of Sale (the "Agreed Order"), and Plaintiffs LBUBS 2007-C2 Towne Center Road, LLC ("SH Plaintiff") and LBUBS 2007-C2 Tittabawassee, LLC ("HIX Plaintiff" and together with SH Plaintiff, "Plaintiffs"), by and through their attorneys, and Defendants Saginaw SH-MG, LLC, Saginaw SH-KG, LLC, Saginaw SH-AGA, LLC, Saginaw SH-JY, LLC, Saginaw SH-MK, LLC, Saginaw SH-BS, LLC, Saginaw SH-BB, LLC, Saginaw SH-FA, LLC, Saginaw SH-MGR, LLC (collectively, "SH Defendants") and Saginaw HIX-MG, LLC, Saginaw HIX-KG, LLC, Saginaw HIX-AGA, LLC, Saginaw HIX-JY, LLC, Saginaw HIX-MK, LLC, Saginaw HIX-BS, LLC, Saginaw HIX-BB, LLC, Saginaw HIX-FA, LLC, Saginaw HIX-MGR, LLC (collectively, "HIX Defendants" and together with SH Defendants, "Defendants" and together with Plaintiffs, the "Parties"), by and through their attorneys, have submitted to the jurisdiction of this Court.

This cause came to be heard upon Plaintiffs' Verified Complaints,[1] Plaintiffs' Motion for Entry of Default Judgment, or in the alternative, for Summary Judgment (the "Motion"), together with the evidence, oral and documentary, submitted to this Court on the issues in this cause, and

---

[1] Capitalized words not otherwise defined herein shall have the meanings ascribed to them in the Motion.

{S0810765.DOC.1}

it appearing that Defendants, who all have interests in the Mortgaged Property, have been properly served with the Verified Complaints and expressly consent to the entry of this Agreed Order; that the Court has jurisdiction of the subject matter thereof and of all of the parties hereto; that due notice of the Motion has been given to all parties entitled thereto, and that the Court, being fully advised in the premises, now finds:

1.   That the equities in this case are with Plaintiffs, that the material allegations in the Verified Complaints have been proved, and that Plaintiffs are entitled to the relief sought and prayed for as set forth hereinafter.

2.   That this Court has jurisdiction of the subject matter of this cause and of all of the parties hereto.

3.   That Plaintiffs and Defendants have consented to the entry of the Agreed Order.

4.   That the Defendants have expressly waived their statutory and/or equitable rights to redeem the Mortgaged Property.

5.   That on December 1, 2006, Defendants were, and have been until this present date, the owners of the Mortgaged Property described in the Loan Documents.

6.   That on December 1, 2006, Lehman Brothers Bank, FSB ("Original Lender") entered into a Loan Agreement with each of Defendants to make a loan in the total principal amount of $12,200,000 (the "Loan").

7.   That the Loan is evidenced in part by that certain Promissory Note dated December 1, 2006 in the principal amount of $5,430,000 (the "SH Note") executed by SH Defendants in favor of Original Lender.

8.   That the SH Note is secured by the SH Property pursuant to that certain Fee and Leasehold Mortgage dated December 1, 2006 (the "SH Mortgage") and that certain Assignment

of Leases and Rents dated December 1, 2006 (the "SH Assignment" and together with the SH Mortgage and all other documents evidencing, relating to or securing the SH Note, the "SH Loan Documents").

9. That Original Lender assigned the SH Note and SH Loan Documents to LaSalle Bank National Association, in its capacity as Trustee for the registered holders of LB-UBS Commercial Mortgage Trust 2007-C2, Commercial Pass-Through Certificates, Series 2007-C2 ("Initial Trustee") pursuant to that certain Assignment of Fee and Leasehold Mortgage and that certain Assignment of Assignment of Leases and Rents.

10. That Initial Trustee subsequently assigned the SH Note and SH Loan Documents to U.S. Bank National Association, in its capacity as Trustee for the registered holders of LB-UBS Commercial Trust 2007-C2, Commercial Mortgage Pass-Through Certificates, Series 2007-C2 ("Subsequent Trustee") pursuant to that certain Assignment of Fee and Leasehold Mortgage and that certain Assignment of Assignment of Leases and Rents.

11. That Subsequent Trustee assigned the SH Note and SH Loan Documents to SH Plaintiff pursuant to that certain Assignment of Fee and Leasehold Mortgage and Other Loan Documents.

12. That the Loan is also evidenced by that certain Promissory Note dated December 1, 2006 in the principal amount of $6,770,000 (the "HIX Note" and together with the SH Note, the "Notes") executed by HIX Defendants in favor of Original Lender.

13. That the HIX Note is secured by the HIX Property pursuant to that certain Fee and Leasehold Mortgage dated December 1, 2006 (the "HIX Mortgage") and that certain Assignment of Leases and Rents dated December 1, 2006 (the "HIX Assignment" and together with the HIX Mortgage and all other documents evidencing, relating to or securing the HIX

Note, the "HIX Loan Documents" and together with the SH Loan Documents, the "Loan Documents").

14. That Original Lender assigned the HIX Note and HIX Loan Documents to Initial Trustee pursuant to that certain Assignment of Fee and Leasehold Mortgage and that certain Assignment of Assignment of Leases and Rents.

15. That Initial Trustee subsequently assigned the HIX Note and HIX Loan Documents to Subsequent Trustee pursuant to that certain Assignment of Fee and Leasehold Mortgage and that certain Assignment of Assignment of Leases and Rents.

16. That Subsequent Trustee assigned the HIX Note and HIX Loan Documents to HIX Plaintiff pursuant to that certain Assignment of Fee and Leasehold Mortgage and Other Loan Documents.

17. That the Mortgaged Property secures the Loan on a cross-collateralized and cross-defaulted basis.

18. That the Notes required Defendants to make periodic payments of principal and interest by the eleventh day of each month (the "Debt Service Payments"). Starting in February of 2009 and continuing through the present, Defendants have failed to make any Debt Service Payments required under the Notes and, consequently, Defendants are in default under the Notes and the Loan Documents. Additionally, Defendants are in non-monetary default under the Loan Documents for failing to obtain prior approval before replacing the management company for the Mortgaged Property.

19. That as of April 11, 2010, the amounts due and owing to SH Plaintiff from SH Defendants under the SH Note total $6,079,342.76, and increases by $1,383.55 per day thereafter

for accruing note and default interest and an additional $1,659.33 on the eleventh day of each subsequent month for late charges.

20. That as of April 11, 2010, the amounts due and owing to HIX Plaintiff from HIX Defendants under the HIX Note total $7,574,724.02, and increases by $1,724.99 per day thereafter for accruing note and default interest and an additional $2,068.82 on the eleventh day of each subsequent month for late charges.

21. That the Notes and Loan Documents provide that Defendants shall be liable to Plaintiffs for all expenses, including legal expenses and reasonable attorneys' fees, associated with enforcing the terms of the Notes and the Loan Documents.

22. That as a result of proceedings herein, SH Plaintiff has become obligated to pay the sum of $134,013.44 through April 8, 2010 for reasonable attorneys' fees, costs, and expenses and that such sum should be allowed as an additional charge against the SH Property.

23. That as a result of proceedings herein, HIX Plaintiff has become obligated to pay the sum of $127,170.08 through April 8, 2010 for reasonable attorneys' fees, costs and expenses and that such sum should be allowed as an additional charge against the HIX Property.

24. That the rights and interests of Defendants are subject, subordinate, and inferior to the liens of Plaintiffs as described herein.

**IT IS THEREFORE HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

A. That Plaintiffs have liens on the Mortgaged Property for the amounts found to be due from Defendants together with interest thereon, as detailed above.

B. That the Defendants have willingly and irrevocably agreed to waive their statutory and/or equitable right to redeem the Mortgaged Property.

**SALE OF THE SH PROPERTY**

   C. That the SH Property, together with all personal property located thereon or associated therewith, including without limitation any liquor licenses, be sold at public auction for cash to the highest bidder pursuant to Michigan Law.

   D. That SH Plaintiff may conduct the foreclosure sale of the SH Property under the direction of the Saginaw County Clerk (the "Clerk"), or designated agent at any time after the entry of this Judgment pursuant to Michigan Law, having determined that more than six months have elapsed since the filing of the Verified Complaints as required by MCL 600.3115; that such sale be made where the Circuit Court for Saginaw County, Michigan (the "Circuit Court") holds court and that the Clerk give public notice of the time and place of such sale, according to the practice of the Circuit Court and Michigan Law; that SH Plaintiff, or any other parties to this action, may become the purchaser of the SH Property at such sale; that the Clerk execute a deed to the purchaser of the SH Property at the conclusion of such sale; that the Clerk pay to SH Plaintiff, out of the proceeds from the sale, the amounts due SH Plaintiff as set forth in this judgment, including SH Plaintiffs' costs in this action, together with interest thereon at the rate of 9.18% from the date of this Judgment, or so much thereof as the amount realized from the sale of the SH Property will pay; that the Clerk take receipt for the amount so paid, and file the same with a report of such sale with the Court; and that the Clerk bring any surplus from the proceeds of such sale not paid over to SH Plaintiff to the Court without delay, to abide by further order of the Court.

   E. That in the event SH Plaintiff is a bidder and/or purchaser of the SH Property, or any portion thereof, SH Plaintiff may bid in lieu of cash, and offset against the purchase price of the SH Property, the total amounts due to SH Plaintiff under this Judgment.

F.	That upon the execution and delivery of the deed or deeds for the SH Property described herein, the grantee or grantees or his, her, its or their heirs, successors or assigns be let into possession of the portion of the SH Property so conveyed, and that any of the parties of this cause who may be in possession of the SH Property, or any part thereof, and any person who since the commencement of this suit shall have come into possession under them, shall, upon production of the deed(s) and the service of a certified copy of this Judgment, surrender possession thereof to the grantee or grantees or his, her, its or their heirs, successors or assigns; and in default of so doing that an order of assistance may issue in accordance with the practice of this Court.

**SALE OF THE HIX PROPERTY**

G.	That the HIX Property, together with all personal property located thereon or associated therewith, including without limitation any liquor licenses, be sold at public auction for cash to the highest bidder pursuant to Michigan Law.

H.	That HIX Plaintiff may conduct the foreclosure sale of the HIX Property under the direction of the Saginaw County Clerk (the "Clerk"), or designated agent at any time after the entry of this Judgment pursuant to Michigan Law, having determined that more than six months have elapsed since the filing of the Verified Complaints as required by MCL 600.3115; that such sale be made where the Circuit Court for Saginaw County, Michigan (the "Circuit Court") holds court and that the Clerk give public notice of the time and place of such sale, according to the practice of the Circuit Court and Michigan Law; that HIX Plaintiff, or any other parties to this action, may become the purchaser of the HIX Property at such sale; that the Clerk execute a deed to the purchaser of the HIX Property at the conclusion of such sale; that the Clerk pay to HIX Plaintiff, out of the proceeds from the sale, the amounts due HIX Plaintiff as set forth in this

judgment, including HIX Plaintiffs' costs in this action, together with interest thereon at the rate of 9.18% from the date of this Judgment, or so much thereof as the amount realized from the sale of the HIX Property will pay; that the Clerk take receipt for the amount so paid, and file the same with a report of such sale with the Court; and that the Clerk bring any surplus from the proceeds of such sale not paid over to HIX Plaintiff to the Court without delay, to abide by further order of the Court.

      I.      That in the event HIX Plaintiff is a bidder and/or purchaser of the HIX Property, or any portion thereof, HIX Plaintiff may bid in lieu of cash, and offset against the purchase price of the HIX Property, the total amounts due to HIX Plaintiff under this Judgment.

      J.      That upon the execution and delivery of the deed or deeds for the HIX Property described herein, the grantee or grantees or his, her, its or their heirs, successors or assigns be let into possession of the portion of the HIX Property so conveyed, and that any of the parties of this cause who may be in possession of the HIX Property, or any part thereof, and any person who since the commencement of this suit shall have come into possession under them, shall, upon production of the deed(s) and the service of a certified copy of this Judgment, surrender possession thereof to the grantee or grantees or his, her, its or their heirs, successors or assigns; and in default of so doing that an order of assistance may issue in accordance with the practice of this Court.

**<u>MONEY JUDGMENT</u>**

      K.      That judgment be and is hereby entered in favor of SH Plaintiff and against SH Defendants for the total sum of $6,213,356.20 found to be due and owing as of April 11, 2010 and increasing by $1,383.55 per day thereafter, and that execution issue therefor.

L. That judgment be and is hereby entered in favor of HIX Plaintiff and against HIX Defendants for the total sum of $7,701,894.10 found to be due and owing as of April 11, 2010 and increasing by $1,724.99 per day thereafter, and that execution issue therefor.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all funds remaining in Bank Account No. 30106 at First State Bank of Saginaw in the name of Golshan Group, Inc. Holiday Inn Express Saginaw shall be released and paid to HIX Plaintiff.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Court expressly finds that this is a final order and that there is no just reason for delaying the enforcement of this Judgment or an appeal therefrom.

            s/Thomas L. Ludington
            THOMAS L. LUDINGTON
            United States District Judge

Dated: April 13, 2010

| | |
|---|---|
| /s/ Jennifer U. Hastings | /s/ Kenneth Kable |
| DICKINSON WRIGHT | Kenneth Kable |
| 38525 Woodward Avenue, Suite 2000 | BRAUN KENDRICK FINKBEINER, PLC |
| Bloomfield Hills , MI 48304-2970 | 4301 Fashion Square Boulevard |
| 248.433.7200 | Saginaw, MI 48603 |
| jhastings@dickinsonwright.com | 989.498.2256 x565 |
| (P55657) | kenkab@bkf-law.com |
| | (P15635) |
| | |
| /s/ Christopher Reeder | /s/ David M. Neff |
| Christopher Reeder | PERKINS COIE LLP |
| REEDER/LU/GREEN, LLP | 131 S. Dearborn Street, Suite 1700 |
| 2121 Avenue of the Stars | Chicago, IL 60603-5559 |
| Suite 950 | 312.324.8689 |
| Los Angeles, CA 90067 | dneff@perkinscoie.com |
| 310.270.9302 | |
| creeder@reederlugreen.com | *Attorneys for Plaintiffs* |
| | |
| *Attorneys for Defendants* | |

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 13, 2010.

                s/Tracy A. Jacobs
                TRACY A. JACOBS